IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2020-cv-2032-RBJ

CARL ANDERSEN, JR.,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
TELLER COUNTY COLORADO,
VIDO DELCORE, in his official and individual capacities,
TODD ECKERT, in his official and individual capacities,
CARLOS SANDOVAL, in his official and individual capacities,
ANTHONY MATARAZZO, in his official and individual capacities,

    Defendants.

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

The parties, by their respective counsel, and pursuant to Federal Rule of Civil Procedure 26(c), hereby move the Court to enter the attached Stipulation and Protective Order, which has been fully agreed to and stipulated by all parties, and which is incorporated by reference, as if fully set forth herein, attached as Exhibit A.

### UNOPPOSED MOTION

1.    Certain documents that may be produced in this case contain sensitive or confidential information (hereinafter "Protected Documents"). Such information may include documents containing trade secrets, commercial information, medical information, or information implicating the privacy of nonparties to this action. Such information is important to the parties'

privacy, including business and medical. The parties vigilantly guard such information. All such information deserves protection from dissemination outside this litigation.

2. Protected Documents may be discussed in depositions to be taken in this case.

3. As provided in the attached Protective Order, the Protected Documents produced in this litigation should not be disclosed to unauthorized individuals and should not be used for purposes other than this litigation. The parties request that the Court enter the attached Protective Order pursuant to Federal Rule of Civil Procedure 26(c). This Protective Order provides agreed-upon guidance to the parties for handling of such information if/when the need arises and is intended to avoid delay.

4. Rule 26(c) authorizes the Court to enter an order requiring the parties to preserve the confidentiality of information produced in discovery and restricting the use of such information to purposes directly related to this litigation. Courts have acknowledged that protective orders, such as the proposed Protective Order in this litigation, are appropriate. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Gillard v. Boulder Valley School District*, 196 F.R.D. 382, 385-86 (D. Colo. 2000).

5. By requesting entry of the Protective Order, the parties act out of an abundance of caution and are not stipulating to the discoverability of any information or data that arguably could fall within the proposed Protective Order's parameters. The Court is the final arbiter of discoverability, and in filing this motion, the parties do not waive any right to object to any discovery.

6.  The parties certify that they have reviewed this Court's practice standards. The parties understand that anything filed with the Court is presumed to be public information. The parties have worked to tailor their proposed Protective Order accordingly.

## **CONCLUSION**

The parties request that the Court enter the Protective Order that accompanies this motion (Exhibit A).

Respectfully submitted this 30th day of November, 2020.

By: /s/ David A. Lane
*David A. Lane*
Killmer, Lane & Newman, LLP
dlane@kln-law.com
T: 303-571-1000
*Attorney for Plaintiff*

By: /s/ A. Tyrone Glover
*A. Tyrone Glover*
Stimson Stanch LaBranche Hubbard, LLC
glover@sslhlaw.com
T: 720-689-8908
*Attorney for Plaintiff*

By: /s/ Eric M. Ziporin
*Eric M. Ziporin*
SGR, LLC
eziporin@sgrllc.com
T: 303- 320-0509
*Attorneys for Defendants Teller County and Anthony Matarazzo*

By: /s/ Gordon L. Vaughan
*Gordon L. Vaughan*
Vaughan & DeMuro
gvaughan@vaughandemuro.com
T: 719-578-5500
*Attorneys for City Officer Defendants*

By: /s/ Ryan D. Doherty
*Ryan D. Doherty*
City Attorney Wynetta P. Massey
ryan.doherty@coloradosprings.gov
T: 719- 385-5909
*Attorneys for Defendant City of Colorado Springs, Colorado*