**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2020-cv-2032-RBJ

CARL ANDERSEN, JR.,

      Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
TELLER COUNTY COLORADO,
VIDO DELCORE, in his official and individual capacities,
TODD ECKERT, in his official and individual capacities,
CARLOS SANDOVAL, in his official and individual capacities,
ANTHONY MATARAZZO, in his official and individual capacities,

      Defendants.

**PROTECTIVE ORDER**

To facilitate discovery by adequately protecting materials the parties claim are confidential and proprietary and to avoid unnecessary discovery disputes, it is hereby ORDERED that:

1. A party producing documents or serving written discovery responses that the producing party contends contain confidential information, including but not limited to, trade secrets, proprietary business information, confidential research, development, or commercial information, or sensitive medical or personal information ("Confidential Information") shall have that party's counsel mark such documents with the word "Confidential" (in a manner that will not interfere with their legibility). That party's counsel shall designate information as confidential only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c).

2.      If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for any party claiming confidentiality for the Confidential Information shall inform the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript. In addition, any other person claiming that any information disclosed in the deposition is Confidential Information may so inform the court reporter and counsel for all parties in the same manner and within the same period. Each transcript and all testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

3.      The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

4.      Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as required by the parties and their counsel for the preparation and trial of this action. Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 5 below.

5.      Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a. the parties and their past and present officers, directors, employees, and agents; however, by agreeing to this protective order, no party waives or releases its rights pursuant to any confidentiality or non-disclosure agreements with past officers, directors, employees, or agents;

b. counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

c. testifying and non-testifying experts and consultants retained by the parties whose assistance is necessary for the litigation of this action;

d. the Court and Court personnel, in accordance with the procedures regarding filing under seal, court reporters, employees of outside copy services or digital reproduction services used to make copies of Confidential Information, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action;

e. potential, anticipated, or actual fact witnesses or deponents who counsel for the parties believes in good faith is likely to have knowledge pertaining to the content of the Confidential Information;

f. witnesses who testify at depositions, hearings, or at trial, if any such further proceedings occur in this case;

g. and any person expressly named and agreed to in writing by the parties, or by further Order of the Court.

6. Before being given access to Confidential Information, each Qualified Person (other than counsel of record, agents of the parties and agents and persons employed by counsel,

the parties, those persons defined in paragraph 5(d), and current officers, directors, employees, and agents of the party that produced the Confidential Information) shall be advised, by counsel of the party giving access to Confidential Information, of the terms of this Order, shall be given a copy of this Order, and advised, in writing, that this Order is binding on them.

7. Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

8. If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or returned to that counsel of record at the completion of the Qualified Person's consultation or representation in this case. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned or destroyed as required. Notwithstanding the foregoing, nothing in this paragraph shall: require Plaintiffs, Defendants, counsel of record or any Qualified Person to change or alter its backup email systems, which may function in accordance with that person or entities' standard procedures and document-retention policies without violating

this Order; or, in the case insurers and self-insurers, require deleting or purging any of their files or to change or alter its standard procedures and document-retention policies.

9. Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Order. Any Confidential Information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under seal.

10. Said Confidential Information shall be kept under seal until further order of the Court; however, said Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential Information contained therein under the terms of this Order.

11. After the termination of this action by entry of a final judgment or order of dismissal, and after all appeal rights have been exhausted, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the Colorado Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

12. This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control. The Court shall retain

continuing jurisdiction to enforce the terms of this Protective Order even after this action is terminated.

13. This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

14. By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

15. This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

16. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

17. Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents or information and documents lawfully obtained from other sources.

18. If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall thereafter treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure. Any disclosure of such information prior to the notification of the inadvertent disclosure shall not be subject to this Protective Order.

19. If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information under the provisions set forth below challenging the designation.

20. A party may challenge the designation of a document or other material as Confidential only as follows:

    a. If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the

7

"challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

      b.      If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 14 days following the Meet and Confer Period to apply to the Court for an order to determine whether the disputed information shall be treated as Confidential under the terms of this Protective Order. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL.

21.      The restrictions on use of CONFIDENTIAL information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

22.      This Protective Order may be altered or amended by the Court upon request by either Party only with a showing of good cause.

Dated: _____, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2020-cv-2032-RBJ

CARL ANDERSEN, JR.,
    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
TELLER COUNTY COLORADO,
VIDO DELCORE, in his official and individual capacities,
TODD ECKERT, in his official and individual capacities,
CARLOS SANDOVAL, in his official and individual capacities,
ANTHONY MATARAZZO, in his official and individual capacities,
    Defendants.

## EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. I, _____, whose address is _____, declare and agree as follows:

2. I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

3. I have received a copy of that Protective Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Protective Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Protective Order, any information and material disclosed to me pursuant to that Order.

4. I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this ____ day of _____, 2020, at _____.

Signed: _____