IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:  20-cv-02032-RBJ

CARL ANDERSEN JR.,

        Plaintiff,

v.

CITY OF COLORADO SPRINGS,
TELLER COUNTY, COLORADO,
VITO DELCORE, in his official and individual capacities,
TODD ECKERT, in his official and individual capacities,
CARLOS SANDOVAL, in his official and individual capacities,
ANTHONY MATARAZZO, in his official and individual capacities,

        Defendants.

---

## CITY OF COLORADO SPRINGS' MOTION TO DISMISS COMPLAINT AND JURY DEMAND [Doc. 1]

The Defendant, CITY OF COLORADO SPRINGS ("City"), pursuant to FED. R. CIV. P. 12(b)(6), files its Motion to Dismiss Complaint and Jury Demand:

### I.     Introduction

Invoking 42 U.S.C. § 1983 ("§ 1983"), Andersen's complaint unsuccessfully alleges violations of his Fourth and Fourteenth Amendment rights during his arrest and subsequent prosecution for obstruction and resisting arrest. Andersen – without any corresponding factual allegations – asserts all six of his claims for relief against the City. Andersen's conclusory allegations and bare recitations of municipal liability fail to state a claim against the City. Therefore, the City respectfully requests that this Court grant its Motion to Dismiss with prejudice.

### II.     Allegations

On April 17, 2019, Andersen's daughter sustained severe injuries. (Doc. 1, ¶ 13). Child abuse was a suspected cause of those injuries. (*Id.* at ¶ 15). Detective Matarazzo had reason to

believe that causal evidence of the minor child's injuries was on Carissa Hiteshew's – the minor child's mother – cell phone. (*Id*. at ¶ 1). Andersen – despite repeated overtures – steadfastly refused to (1) talk with Detective Matarazzo or the CSPD Officer Defendants about his daughter's injuries, (2) leave the hospital room, or (3) relinquish possession of Ms. Hiteshew's cell phone. (*Id*. at ¶ 1, 2, 14, 18, 20). Given the impermanent nature of cell phone evidence, the officers took Andersen into custody. (*Id*. at ¶ 22-24). Andersen actively resisted efforts to detain him, requiring the use of physical force and a taser. (*Id*.).

### III.    Standard of Review

In reviewing a FED. R. CIV. P. 12(b)(6) motion to dismiss, the court must "look for plausibility in the complaint." *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009). This means a complaint must have enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim. *Twombly*, 550 U.S. at 555. The allegations "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Corder*, 566 F.3d at 1233.

### IV.    Argument

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or causes a person 'to be subjected' to such a deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). "[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Id*. at 1359 (emphasis in original). "They are not vicariously liable under § 1983 for their employees' actions." *Id*.

To establish municipal liability, Andersen must show: (1) the existence of a municipal policy or custom depriving it of a constitutional or statutory right; and (2) a direct causal link between the policy or custom and the injury alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citation omitted). The requirements of culpability and causation are applied rigorously. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997). The complaint fails these rigorous requirements to show both the existence of a municipal custom and a direct, causal link between the custom and the violation alleged.

### A.      The complaint lacks any plausible allegations of a direct, causal link

As an initial matter, Andersen's complaint is totally devoid of any plausible allegations of a direct, causal link between the City's alleged policy or custom and Andersen's alleged injury. *See generally* Doc. 1. Without any such allegations, Andersen's complaint cannot possibly meet the rigorous requirements of causation to state a claim for municipal liability. Failing to meet an essential requirement of municipal liability, Andersen's complaint must be dismissed with prejudice.

### B.      The complaint lacks any plausible allegations of a municipal custom or policy

Andersen can establish a municipal custom or policy through a number of means. *See Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010). The Complaint does not identify any specific policy the City promulgated, implemented, or ordered regarding arresting individuals without probable cause. *See generally* Doc. 1. Accordingly, Andersen's *Monell* claim rests entirely on the conclusory allegation that the City had "an informal custom and practice … of arresting individuals without probable cause…." *See id.* at ¶ 44.

In pursuit of establishing such an informal City custom or practice, Andersen relies upon eight disparate and temporally distant instances of alleged constitutional violations: one occurring

in 2018 (¶ 45), one occurring in 2017 (¶ 46), and six occurring between 2009 and 2012 (¶¶ 47-52). However, Andersen's recitation of lawsuits and other recycled, Plaintiff's allegations does not satisfy his burden to allege plausible allegations of a widespread practice, so permanent and well settled as to constitute a custom or usage with the force of law. Andersen's conclusory allegations are fatally insufficient and implausible for the following six insurmountable reasons.

First, opposing counsel – in an entirely dissimilar case – has already filed these verbatim[1] *Monell* allegations against the City of Colorado Springs. *Metzler v. City of Colorado Springs*, No. 19-cv-878-RM-KMT, 2020 WL 533735 (D. Colo. Feb. 3, 2020). In that case, Judge Raymond P. Moore correctly granted the City's motion to dismiss and "decline[d] to accept these entirely conclusory allegations as true …." *Metzler*, 2020 WL 533735, at *5. Judge Moore's order is instructive; these verbatim allegations have not become any less conclusory nor more entitled to the presumption of truth in the five months since granting the City's motion to dismiss in *Metzler*.[2] *See id.*

Second, none of Andersen's recycled allegations resulted in an adjudication of liability on the part of the City. In fact, three of the eight instances upon which Andersen relies were subject to dismissal with prejudice. *See Martinez v. City of Colorado Springs*, 1:11-CV-1664-RPM (D. Colo. August 19, 2011) (Doc. 1, ¶ 51); *Bark v. Chacon*, 1:10-cv-1570-WYD-MJW (D. Colo. May 18, 2011) (*Id.* at ¶ 52); *Metzler v. City of Colorado Springs*, 1:19-cv-878-RM-KMT, 2020 WL 533735 (D. Colo. Feb. 3, 2020)[3] (*Id.* at ¶ 46). A court's explicit finding of the absence of constitutional violations certainly cannot support an alleged City custom or practice of

---

[1] *Compare* Doc. 1, ¶¶ 47-52 with Exhibit A, *Metzler* Am. Compl., ¶¶ 113-118.
[2] In *Metzler*, Judge Moore granted the City's Motion to Dismiss on February 3, 2020 and Andersen filed his verbatim complaint on July 13, 2020.
[3] The Tenth Circuit Court of Appeals recently affirmed this dismissal with prejudice. *See Metzler v. City of Colorado Springs*, 20-1079, 2021 WL 141185, at *4 (10th Cir. Jan. 15, 2021).

constitutional violations. The complaint alleges that two additional instances were allegedly settled (Doc. 1, ¶¶ 49, 50) and two more were voluntarily dismissed with prejudice (*Id*. at ¶47, *Sturgis v. City of Colorado Springs*, 1:13-CV-01109-MSK-BNB; *Id*. at ¶ 48, *Pace v. City of Colorado Springs*, 1:14-CV-02603-JLK-MEH). Similar to an order dismissing a case with prejudice, a settlement "'is not even evidence of wrongdoing, let alone that the City has a custom or policy that fosters or results in wrongdoing.'" *Estate of Lobato ex rel. Montoya v. Correct Care Solutions, LLC,* No. 15-CV-02718-PAB-STV, 2017 WL 1197295, at *8 (D. Colo. Mar. 31, 2017) (citation omitted). As such, Andersen fails to plausibly allege that the City has a custom or practice of arresting individuals without probable cause.

Third, Andersen's list of lawsuits fails to show that "similarly situated individuals were mistreated by the municipality in a similar way." *Carney v. City & Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008). The disparate lawsuits involved misidentification (Doc. 1, ¶¶ 46, 47, 51, 52), an alleged conspiracy to manufacture evidence (¶ 50), an arrest based upon a repealed law (¶ 49), and alleged warrant application misstatements (¶ 48). As Judge Moore found in *Metzler*, "these instances have little in common with the circumstances of Plaintiff's arrest and are not relevant here." *Metzler*, 2020 WL 533735, at *5. Andersen did not identify any cases that are sufficiently particularized – similarly situated individuals mistreated in a similar way – to the facts of the instant case.

Fourth, Andersen's mere listing of lawsuits does not require this Court to presume these instances were meritorious. This court need not presume any such thing because "the number of complaints filed, without more, proves nothing. People may file a complaint for many reasons, or for no reason at all." *Duran v. City & Cty. of Denver*, 10-CV-01569-REB-KMT, 2012 WL 4478800, at *2 (D. Colo. Sept. 28, 2012) (citing *Strauss v. City of Chicago*, 760 F.2d 765, 768–69

(7th Cir. 1985)). Further, "[l]isting lawsuits and cases filed against predecessor organizations in various states over the years does not constitute evidence [of] an official policy or custom." *Baltierra v. Adams County*, 18-CV-00664-CMA-MEH, 2019 WL 1331914, at *7 (D. Colo. Mar. 25, 2019). Let alone, a policy or custom with the force of law. Just as in *Metzler*, this Court should dismiss this same insufficient *Monell* claim.

Fifth, Andersen fails to allege the disposition of any of the alleged instances upon which he relies to substantiate a custom or practice of arresting individuals without probable cause. "[T]he mere fact that a lawsuit was filed without any mention of the disposition of the lawsuit or whether the City was found to have violated any rights does not establish a pattern and practice." *Estate of Lobato*, 2017 WL 1197295, at *8 (citing *Rowley v. Morant*, 2014 WL 11430980, at *2 (D.N.M. July 14, 2014). While there is good reason – as discussed above – for Andersen's ignorance of dispositions, his failure to include them is sufficient to dismiss his *Monell* claim.

Sixth, the supermajority of Andersen's lawsuits relate to alleged incidents from 2012 or earlier. These are so few and so remote in time that they cannot possibly constitute a continuing, persistent, and widespread custom of making arrests without probable cause. Based upon this basic temporal failure, Andersen's municipal liability claim should be dismissed with prejudice.

These six insurmountable reasons demonstrate that it is impossible for Andersen to meet the rigorous requirements for culpability necessary to establish municipal liability. Just as his complaint fails to meet the rigorous requirement of causation, so too does it fail to meet the rigorous requirements of culpability. Accordingly, Andersen's complaint must be dismissed with prejudice.

**C.      Andersen does not plausibly allege municipal liability from this single incident**

In light of Andersen's insufficient reliance upon unfounded or dismissed allegations, he seeks to impose municipal liability under § 1983 based upon a single incident – his arrest for obstructing a child abuse investigation and resisting arrest. However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability" because a single event cannot establish a custom or a persistent practice. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To impose municipal liability based upon this single incident, Andersen must show the particular, illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the City. *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009). Andersen fails to assert any such allegations in his complaint. *See generally* Doc. 1. Accordingly, Andersen fails to plausibly allege municipal liability based upon this single incident.

**V.      Conclusion**

Nowhere in the complaint does Andersen plead specific facts that would show the City had a policy of arresting individuals without probable cause. Nor does Andersen plead any specific facts demonstrating a direct causal link between the alleged custom or practice and the injury alleged. Andersen only offers insufficient conclusory allegations and threadbare recitals to support his claims for relief against the City of Colorado Springs. The case law is plain. Conclusory allegations and threadbare recitals cannot sustain Andersen's deficient complaint against the City. Because his Complaint fails to meet both essential requirements of municipal liability, Andersen's claims for relief against the City must be dismissed with prejudice. Therefore, this Court should dismiss – with prejudice – Andersen's claims against the City of Colorado Springs pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: February 3, 2021

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY,
CITY OF COLORADO SPRINGS, COLORADO
Wynetta P. Massey, City Attorney


*/s/ Ryan D. Doherty*
Ryan D. Doherty
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone:          (719) 385-5909
Facsimile:          (719) 385-5535
E-mail:          ryan.doherty@coloradosprings.gov


## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the  3rd  day of  February , 2021, I electronically filed the foregoing **City of Colorado Springs' Motion to Dismiss Complaint and Jury Demand (Doc. 1)** with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

David A. Lane                                     Gordon L. Vaughan
Reid Allison                                         Vaughan & DeMuro
A.  Tyrone Glover                             111 South Tejon Street, Ste. 545
Killmer, Lane & Newman, LLP        Colorado Springs, CO 80903
1543 Champa Street, Suite 400
Denver, Colorado 80202

Eric M. Ziporin
Courtney B. Kramer
SGR, LLC
3900 East Mexico Avenue, Ste. 700
Denver, CO 80210


*/s/Donnielle Davis*
Donnielle Davis