IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:  20-cv-02032-RBJ

CARL ANDERSEN JR.,

        Plaintiff,

v.

CITY OF COLORADO SPRINGS,
TELLER COUNTY, COLORADO,
VITO DELCORE, in his official and individual capacities,
TODD ECKERT, in his official and individual capacities,
CARLOS SANDOVAL, in his official and individual capacities,
ANTHONY MATARAZZO, in his official and individual capacities,

        Defendants.

---

**CITY OF COLORADO SPRINGS' REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS COMPLAINT AND JURY DEMAND [Doc. 38]**

---

The Defendant, CITY OF COLORADO SPRINGS ("City"), pursuant to FED. R. CIV. P. 12(b)(6),

files its Reply Brief in Support of Motion to Dismiss Complaint and Jury Demand:

### I.      Introduction

The City does not suggest that Andersen's municipal liability claims are subject to a

heightened pleading standard. Doc. 42, pp. 2-3. The City argues – based upon the contents of the

complaint – that Andersen fails to plead a plausible municipal liability claim at all; he fails to

plausibly allege a policy or custom as the moving force behind his alleged constitutional violations

and fails to allege a causal link between any such policy or custom and the alleged violations.

Andersen's response does not dispel the City's argument or save his municipal liability claims.

### II.      Argument

To establish municipal liability, Andersen must show: (1) the existence of a municipal

policy or custom depriving it of a constitutional or statutory right; and (2) a direct causal link

between the policy or custom and the injury alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citation omitted). The requirements of culpability and causation are applied rigorously. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997). The response brief does not rebut that Andersen's complaint fails these rigorous requirements.

### A.      The complaint lacks any plausible allegations of a direct, causal link.

Andersen's reply brief argues that he alleges a direct causal link between the City's alleged policy or custom of failing to train or supervise its employees and Andersen's alleged injury. *See* Doc. 42, p. 10. While this method of establishing a custom or policy is in no way clear from the Complaint, Andersen points to ¶¶ 40-43 of his complaint to substantiate his argument. *See id*. Reliance upon these conclusory paragraphs to establish a direct causal link fails for the following reasons.

Paragraphs 40-43 contain only conclusory allegations and threadbare recitals in an unsuccessful attempt to establish a "failure to adequately train … employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Mere conclusory allegations that an officer or group of officers is inadequately trained are not enough to plausibly state a failure to train claim. *City of Canton*, 489 U.S. at 390–91. In fact, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Andersen does not "proffer any facts regarding the officers' training or supervision —when it occurred, who conducted it, or how it was deficient." *Rehberg v. City of Pueblo*, 10-CV-00261-LTB-KLM, 2012 WL 1326575, at *5 (D. Colo. Apr. 17, 2012). Neither does Andersen explain "how the incident described in [his] complaint could have been avoided with different or better

training…." *See id*. Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality ... can a city be liable for such a failure under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Andersen's failure to provide "any particulars as to the actual training conducted or omitted by the City … prevents the Court from reaching such a conclusion." *Rigg v. City of Lakewood*, 37 F. Supp. 3d 1207, 1214 (D. Colo. 2014). Without any such allegations, Andersen's complaint cannot possibly meet the rigorous requirements of causation to state a claim for municipal liability.

Even if this Court could discern plausible allegations of a failure to train claim, Andersen sets forth only a conclusory allegations of the elements of a § 1983 claim based on failure to train and, therefore, Andersen's municipal liability claims against the City should be dismissed under Fed. R. Civ. P. 12(b)(6).

**B.      The complaint lacks any plausible allegations of a municipal custom or policy.**

In support of his widespread informal custom argument, Andersen unsuccessfully attempts to utilize other instances of alleged constitutional violations. Andersen's response brief avoids – with the exception of *Metzler* – specific discussion of the cases upon which he relies to establish an alleged informal custom of and practice … of arresting individuals without probable cause." Doc. 1, ¶ 44; *See generally* Doc. 42. This alone is fatal to his municipal liability claim against the City. Andersen's discussion of *Metzler* highlights four additional problems with his municipal liability claims against the City.

First, Andersen admits that *Metzler* involves a dissimilar individual treated in a dissimilar way. *See* Doc. 42, p. 5. While Andersen explicitly distinguishes *Metzler* in his response brief, it was Andersen who chose to use *Metzler* in his complaint in a failed effort to establish an informal custom. *See* Doc. 1, ¶ 46. Further, it was Andersen who chose to rely upon *Metzler*'s verbatim

allegations in support of his own effort to establish an informal custom in a dissimilar case. *See* Doc. 1, ¶¶ 47-52 and Exhibit A, *Metzler* Am. Compl., ¶¶ 113-118.

Second, in *Metzler*, Judge Moore explicitly told Andersen's counsel that their efforts – using verbatim allegations – were not sufficient to state a plausible claim for municipal liability. *Metzler v. City of Colorado Springs*, 1:19-CV-00878-RM-KMT, 2020 WL 533735 (D. Colo. Feb. 3, 2020), *aff'd*, 20-1079, 2021 WL 141185 (10th Cir. Jan. 15, 2021). Not only did Judge Moore find that Andersen's verbatim list of lawsuits fails to show similarly situated individuals were mistreated by the municipality is a similar way (*Metzler* 2020WL533735, at *5), he also found that recycled verbatim allegations were "entirely conclusory" and declined to accept them as true. *Id*. Despite being dismissed for these reasons, Andersen recycles these insufficient, verbatim, and conclusory municipal liability allegations in the instant case. *See* Doc. 42, p. 5.

Third, during the pendency of the instant motion to dismiss, Magistrate Judge Tafoya rebuffed counsel for Andersen's efforts to use these verbatim allegations again. *Compare* Doc. 1, ¶¶ 46-52 with Exhibit 1, *Cronick* Complaint, ¶¶ 55-61. In dismissing *Cronick*'s verbatim municipal liability claim, Magistrate Judge Tafoya stated, "[t]he Court declines to accept these entirely conclusory allegations as true for the present purposes. Plaintiff fails to show that the incidents underlying these lawsuits were the same or substantially similar to her alleged constitutional injury.' *Cronick v. City of Colorado Springs*, No. 20-cv-00457-CMA-KMT, at *20 (D. Colo. February 19, 2021) (Recommendation of United States Magistrate Judge). Judge Tafoya also recognized that:

> As Defendants point out, Plaintiff's counsel has been advised repeatedly that this method [of pleading a municipal liability claim] is unavailing. *See Metzler v. City of Colorado Springs*, No. 19-cv-00878-RM-KMT, 2020 WL 533735 (D. Colo. Feb. 3, 2020); *Harris v. City and County of Denver*, No. 19-cv-00572-MEH, 2019 WL 6876870 (D. Colo. Dec. 17, 2019); *Weitzman v. City and County of Denver*, No. 17-cv-02703-KLM, 2019 WL 1438072 (D. Colo. Mar. 31, 2019); *Estate of Lillis v.*

> *Correct Care Solutions, LLC*, No. 16-cv-03038-KLM, 2018 WL 1569752 (D. Colo. Mar. 30, 2018); *Estate of Lobato v. Correct Care Solutions, LLC*, No. 15-cv-02718-PAB-STV, 2017 WL 1197295 (D. Colo. Mar. 30, 2017).

*Id.* at \*20 n.3. The instant complaint contains the same conclusory allegations that do not show that the underlying lawsuits were the same or substantially similar to Andersen's alleged constitutional injury. Consequently, the municipal liability claim against the City must be dismissed.

Fourth, Andersen suggests that this Court must assume the truth of his allegations when assessing the City's motion to dismiss. *See* Doc. 42, pp. 5-6. In so arguing, Andersen makes three mistakes. First, multiple courts in this district have found these verbatim allegations conclusory. *Metzler* 2020WL533735, at \*5; *Cronick v. City of Colorado Springs*, No. 20-cv-00457-CMA-KMT, at \*20. This Court should find the same. This Court is not required to presume the truth of conclusory allegations. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) ("When evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court presumes the truth of all well-pleaded facts in the complaint, but "conclusory allegations are insufficient."). Second, this Court may take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party. FED. R. EVID. 201. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (noting "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). In fact, this Court must do so in this case where three of the cases upon which Andersen relies were subject to dismissal with prejudice. *See Martinez v. City of Colorado Springs*, 1:11-CV-1664-RPM (D. Colo. August 19, 2011) (Doc. 1, ¶ 51); *Bark v. Chacon*, 1:10-cv-1570-WYD-MJW (D. Colo. May 18, 2011) (*Id.* at ¶ 52); *Metzler v. City of Colorado Springs*, 1:19-CV-00878-RM-KMT, 2020 WL 533735 (D. Colo. Feb. 3, 2020), *aff'd*,

20-1079, 2021 WL 141185 (10th Cir. Jan. 15, 2021) (*Id*. at ¶ 46). Assuming the truth of such allegations that were explicitly found to not evidence constitutional violations would be error. With the aid of judicial notice, Andersen's effort to identify an official policy or custom is clearly an unavailing effort to impermissibly bolster his claims. Third, assuming that these allegations were meritorious ignores that "the number of complaints filed, without more, proves nothing. People may file a complaint for many reasons, or for no reason at all." *Duran v. City & Cty. of Denver*, 10-CV-01569-REB-KMT, 2012 WL 4478800, at *2 (D. Colo. Sept. 28, 2012) (citing *Strauss v. City of Chicago*, 760 F.2d 765, 768–69 (7th Cir. 1985)). Further, this Court need not presume the truth of these allegations because "[l]isting lawsuits and cases filed against predecessor organizations in various states over the years does not constitute evidence [of] an official policy or custom." *Baltierra v. Adams County*, 18-CV-00664-CMA-MEH, 2019 WL 1331914, at *7 (D. Colo. Mar. 25, 2019). Let alone, a policy or custom with the force of law. Finally, "the mere fact that a lawsuit was filed without any mention of the disposition of the lawsuit or whether the City was found to have violated any rights does not establish a pattern and practice." *Estate of Lobato*, 2017 WL 1197295, at *8. Andersen's municipal liability claim is deficient and must be dismissed with prejudice.

**C.      Andersen does not plausibly allege municipal liability from this single incident.**

In his response brief Andersen suggests that his complaint is sufficient to impose municipal liability under § 1983 based upon this single incident. *See* Doc. 42, p. 6. To impose municipal liability based upon this single incident, Andersen must show the particular, illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the City. *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009). Andersen fails to assert any such allegations in his complaint. *See generally* Doc.1. Andersen's response brief points to no

allegations that the alleged actions were taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the City. *See generally* Doc. 42. Accordingly, Andersen fails to plausibly allege municipal liability based upon this single incident.

### III.    Conclusion

Because his Complaint fails to meet both essential requirements of municipal liability, Andersen's claims for relief against the City must be dismissed with prejudice. Therefore, the City respectfully requests that this Court enter an order (1) granting the City's motion to dismiss, (2) dismissing – with prejudice – Andersen's claims against the City pursuant to Fed. R. Civ. P. 12(b)(6), and (3) granting any further relief this Court deems necessary.

Dated: March 17, 2021

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY,
CITY OF COLORADO SPRINGS, COLORADO
Wynetta P. Massey, City Attorney

*/s/ Ryan D. Doherty*
Ryan D. Doherty
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone:        (719) 385-5909
Facsimile:        (719) 385-5535
E-mail:        ryan.doherty@coloradosprings.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the  17th  day of  March , 2021, I electronically filed the foregoing **City of Colorado Springs' Reply Brief in Support of Motion to Dismiss Complaint and Jury Demand (Doc. 38)** with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

David A. Lane
Reid Allison
A.  Tyrone Glover
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202

Eric M. Ziporin
Courtney B. Kramer
SGR, LLC
3900 East Mexico Avenue, Ste. 700
Denver, CO 80210

Gordon L. Vaughan
Vaughan & DeMuro
111 South Tejon Street, Ste. 545
Colorado Springs, CO 80903

*/s/Donnielle Davis*
Donnielle Davis