**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-02032-RBJ

CARL ANDERSEN JR.,

       Plaintiff,

v.

THE CITY of COLORADO SPRINGS,
TELLER COUNTY COLORADAO,
VITO DELCORE, in his official and individual capacities,
TODD ECKERT, in his official and individual capacities,
CARLOS SANDOVAL, in his official and individual capacities,
ANTHONY MATARAZZO, in his official and individual capacities,

       Defendants.

**RESPONSE TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REBUTTAL EXPERT REPORT [Doc. 49]**

       Plaintiff, Carl Andersen, by and through undersigned counsel, submits the following Response to Defendant City of Colorado Springs' Motion to Dismiss (Doc. 38).

### I. INTRODUCTION[1]

       On April 17, 2019, C.J. Andersen's 19- month-old daughter, Charlotte, was involved in a horrific accident. Because Charlotte's injuries were very serious, she was transported via Flight for Life to the Intensive Care Unit at Memorial Central Hospital in Colorado Springs. While Mr. Andersen was attending to his fiancée and daughter, unbeknownst to him, law enforcement wrongfully suspected possible child abuse. A group of officers from the Colorado Springs Police

---

[1] The following allegations are drawn from Plaintiff's Complaint. (Doc. 1).

1

Department and Teller County Sheriff's Office stormed into the Andersen family hospital room. Immediately, Officer Delcore, of the Colorado Springs Police Department, grabbed at Mr. Andersen's waist pocket attempting to seize his fiancée's phone, which Mr. Andersen was holding. Mr. Andersen, shocked, told the officers they had not right to take his phone. Officer DelCore responded by getting behind Mr. Andersen. Another Colorado Springs officer, Officer Eckert, grabbed Mr. Andersen's wrist. With the help of Officer Sandoval, of Colorado Springs and Anthony Matarazzo, of Teller County, Officers DelCore and Eckert took Mr. Andersen to the ground, where Mr. Andersen was manhandled and Tazed twice.

Defendants have disclosed an expert to opine that the officers' use of force and seizure were permissible and in accordance with policy, in light of the expert's foundational assertions that the officers had reasonable suspicion and that exigent circumstances existed. *See generally* [Doc. 49-1], Defs' Ex. A. Plaintiff then disclosed a rebuttal expert to examine the same factual circumstances, consider the same subject matter (law enforcement practices and constitutional constraints), and render his own expert opinion on the propriety of the officers' actions. *See generally* [Doc. 49-2], Defs' Ex. B. Because Plaintiff's rebuttal expert considers the same factual circumstances, addresses the same subject matter, and does not raise different legal theories than those discussed in Defendants' expert report, this Court should deny the motion.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(D) provides that rebuttal expert evidence must be offered "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). "Proper rebuttal expert testimony is limited to rebutting or contradicting the same subject matter identified by

---

[2] Plaintiff concedes that his rebuttal expert will not testify regarding the nursing staff at the hospital. [Doc. 49-2] at 15-16.

2

another party" and "[p]roperly disclosed rebuttal expert testimony excludes the introduction of any new theory." *Beebe v. Colorado*, Civil Action No. 18-cv-01357-CMA-KMT, 2019 U.S. Dist. LEXIS 198056, at *8 (D. Colo. Nov. 15, 2019).

### III. ARGUMENT

Defendants disclosed a police practices expert to help them argue that they did not violate Mr. Andersen's clearly established constitutional rights in using force against him and attempting to seize property from him without a warrant. [Doc. 49-1]. Plaintiff then disclosed a rebuttal police practices expert to examine the same facts and subject matter and explain his opinion that Defendants had indeed violated Mr. Andersen's constitutional rights. [Doc. 49-2]. Defendants disagree with things Plaintiff's expert wrote, but they have provided no legal basis for this Court to go on a line-editing expedition through the rebuttal expert report. This level of narrow tailoring is properly reserved for rulings on permissible areas of testimony at trial.

The cases Defendants cite do not support their argument. For example, in *Olivero v. Trek Bicycle Corp.*, Judge William Martinez ruled that it was proper rebuttal expert testimony for one mechanical engineer to contradict another mechanical engineer about whether manufacturing or assembly defects in a bicycle caused plaintiff to crash. 291 F. Supp. 3d 1209, 1213-1216. (D. Colo. 2017). As part of this ruling, the expert was "also entitled to explain why he believes these opinions are true, namely, why the evidence" convinced him of the correctness of his opinion. *Id.* at 1215-1216. However, Judge Martinez ruled that it was not proper rebuttal expert testimony for the second mechanical engineer to "provide a millisecond-by-millisecond account of how [the expert] believe[d] the accident played out" because that was, in essence, "an affirmative accident reconstruction opinion." *Id.* at 1216. Similarly, in *IBM v. Fasco Indus.*, a District Judge ruled that rebuttal experts were improper where (1) an expert had been designated to "testify on the

3

industry custom and practice for testing blowers, industry standards for blowers and accelerated life testing," though the other side had "not designated an expert to opine on these issues" and (2) another expert was disclosed to testify to a variety of damages that the other side had not designated an expert on. *IBM v. Fasco Indus.*, No. C-93-20326 RPA, 1995 U.S. Dist. LEXIS 22533, at *8-9 (N.D. Cal. Mar. 15, 1995).

Plaintiff has done no such thing in this case. Plaintiff's expert is a police practices expert to rebut Defendants' police practices expert. Both experts have been tasked with reviewing the circumstances of this incident and the officers' actions and rendering an opinion on the constitutional and policy-based propriety of what Defendants did to Mr. Andersen. Thus, these circumstances are like the rebuttal testimony Judge Martinez allowed in *Olivero* and are nothing like the rebuttal testimony that the Judge disallowed in that case. Indeed:

> This is not a case where the rebuttal reports are not offered to rebut the subject matter of the expert opinions offered by Plaintiffs and it is not an attempt by Defendant to present new legal theories or better experts than those it identified initially. . . . The opinions and conclusions of Defendant's initially disclosed experts and those identified in rebuttal are similar, but have nuanced differences and the differences in the rebuttal reports, while nuanced, still are offered to rebut the opinions and conclusions offered by Plaintiffs' identified experts.
> In short, the rebuttal expert reports offered by Defendant address the same subject matter but do so in different ways.

*ITT Corp. v. Xylem Grp., LLC*, No. 1:11-cv-3669-WSD, 2012 U.S. Dist. LEXIS 197312, at *13 (N.D. Ga. Oct. 15, 2012). The fact that Plaintiff's rebuttal expert's report is written differently than Defendants' affirmative expert does not make it improper rebuttal expert testimony—rather, Plaintiff's rebuttal expert "address[es] the same subject matter . . . in different ways." *Id.*

Defendants vaguely allude to Plaintiff's rebuttal expert presenting a new "theory of the case" not present in Defendants' affirmative expert's report, but Plaintiff's expert has not done so. It is improper rebuttal testimony to present a new theory of the case, but examples of this

4

include testimony of an alternative cause for a plaintiff's injuries that was not raised in the affirmative expert report or an alternative explanation for the cause of a fire. *See, e.g., Wilson v. Wal-Mart Stores*, 2016 U.S. Dist. LEXIS 37106, at *7-8 (D. Nev. 2016).

Plaintiff's rebuttal expert has done no such thing here. Rather than present a different/new theory of the case, Plaintiff's rebuttal expert has reached the opposite expert opinion on exactly the issues that Defendants' expert opined on—the constitutional and policy-based propriety of the Defendant officers' actions in the hospital room on April 17, 2019. Instead, this case is analogous to one in which an expert opined that an attorney's services in a particular case were "highly competent" and the opposing party presented a rebuttal expert who "point[ed] out several alleged errors in plaintiff's handling of the case." *Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC v. Teledyne Techs., Inc.*, No. 1:12-cv-0686-JEC, 2013 U.S. Dist. LEXIS 127892, at *13-14 (N.D. Ga. Sep. 9, 2013). Here, Defendants presented an expert to opine that the officers behaved appropriately and without violating Mr. Andersen's constitutional rights; Plaintiff's rebuttal expert has detailed the various ways Defendant officers behaved inappropriately and the ways in which they violated Mr. Andersen's clearly established constitutional rights.

"The fundamental question is whether [the rebuttal expert's] report 'explains, repels, counteracts, or disproves evidence' contained in Plaintiffs' expert reports." . . . To this extent, the answer is clear. [Plaintiff's rebuttal expert] opinions [here] relate to the same subject matter as those in [Defendants'] expert reports." *Reed v. Maersk Line, Ltd.*, No. 3:19-cv-00238, 2021 U.S. Dist. LEXIS 85007, at *9 (S.D. Tex. May 4, 2021) (quoting *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-CV-01470, 2018 U.S. Dist. LEXIS 7211, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018) (rejecting an argument that the rebuttal expert was improper because he did not rebut

5

specifically and/or by name any other expert).

## IV. CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike.

Respectfully submitted this 6th day of August 2021.

                                        *s/David A. Lane*
                                        David A. Lane
                                        Reid Allison
                                        Tyrone Glover
                                        KILLMER, LANE & NEWMAN, LLP
                                        1543 Champa Street, Suite 400
                                        Denver, CO 80202
                                        (303) 571-1000
                                        (303) 571-1001 facsimile
                                        dlane@kln-law.com
                                        rallison@kln-law.com
                                        tglover@kln-law.com

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August 2021 I filed the foregoing via CM/ECF, and CM/ECF will generate a Notice of Electronic Filing to the following:

Eric Ziporin
Courtney Kramer
Senter Goldfarb & Rice, LLC
3900 E. Mexico Ave., Ste 700
Denver, CO 80210
303-320-0509
eziporin@sgrllc.com
ckramer@sgrllc.com
Attorneys for Teller County Defendants

Ryan Doherty
Office of the City Attorney
30 S. Nevada St. Ste 501
Colorado Springs, CO 80903
719-385-5909
Ryan.doherty@coloradosprings.gov
Attorney for Colorado Springs

Gordon Vaughan
Vaughan & DeMuro
111 S. Tejon St., Ste 545
Colorado Springs, CO 80903
709-578-5500
gvaughan@vaughandemuro.com
Attorney for CO Springs Officer Defendants

*s/ Jamie Akard*
Paralegal