

August 27, 2021

The Honorable R. Brooke Jackson
United States District Judge
Alfred A. Arraj United States Courthouse
A938 / Courtroom A902
901 19th Street
Denver, CO 80294

      Re:    Notice of Intent to File a Motion for Summary Judgment
                Andersen v. Teller County, et al.
                Civil Action No. 20-cv-02032-RBJ

Dear Judge Jackson:

      We represent Teller County and Anthony Matarazzo in the above-referenced matter. We submit this Notice of Intent to File a Motion for Summary Judgment under Fed.R.Civ.P. 56, as required by your practice standards. We have conferred with Plaintiff's counsel, via telephone, regarding this correspondence and the anticipated bases for summary judgment.

**Material Facts:**

      This matter arises out of a motor vehicle incident that resulted in very serious injuries to an 18-month-old child. Colorado Springs Police Officers responded to the hospital based on a request from forensic nurses that the family members were being uncooperative, refused to provide any information regarding the circumstances and would not provide pertinent information about the child. Once hospital administration was able to verify the parents' addresses and determine that the incident had occurred in Teller County, Detective Anthony Matarazzo was dispatched to the hospital for investigation. Detective Matarazzo was aware that the family members were being uncooperative and that there was a report of potential child abuse. While en route to the hospital, Detective Matarazzo received information from a credible source that the child's mother had texted another individual regarding the incident who was concerned about the content of the messages. Detective Matarazzo understood these text messages suggested potential criminal liability. He also received the telephone number who the text(s) had come from. Detective Matarazzo reasonably believed that this text message(s) could have material information regarding the incident and the injuries sustained. Because family refused to provide pertinent information, the text message(s) were the only other way to obtain the facts.

**SGR, LLC**
ATTORNEYS AT LAW
3900 E. Mexico Avenue | Suite 700 | Denver, Colorado 80210
Telephone 303-320-0509 | Fax 303-320-0210
eziporin@sgrllc.com | ckramer@sgrllc.com

www.sgrllc.com

Detective Matarazzo entered the hospital room and introduced himself to the family. Plaintiff refused to speak with Detective Matarazzo, who then introduced himself to Carissa Hiteshew. With prompting from Plaintiff, Ms. Hiteshew advised she did not want to speak with Detective Matarazzo until she "could process some stuff" and "be clear" perhaps "tomorrow or the day after". Ms. Hiteshew denied texting anyone that day. Given the information he had that Ms. Hiteshew had texted someone in addition to the family's collective refusal to speak with him, Detective Matarazzo asked to collect her cell phone. Everyone in the room, including Plaintiff, immediately became increasingly defensive and refused to turn over the phone. Detective Matarazzo called the number he had been provided, and Ms. Hiteshew's cell phone rang, confirming the number bellowed to Ms. Hiteshew. Plaintiff immediately grabbed the phone and put it in his back pocket so that Detective Matarazzo could not see it any further. Given the parents' unusual uncooperative nature, the lack of information regarding how the young child had been injured, and the change in demeanor when the cell phone came into play, Detective Matarazzo believed that the cell phone contained important information that could be destroyed.

Detective Matarazzo requested assistance from CSPD to obtain the phone and prevent the destruction of any data. When officers returned to the room, Plaintiff became increasingly defensive with an aggressive posture. He still refused to hand officers Ms. Hiteshew's cell phone. Plaintiff had numerous opportunities to comply but continued to take an aggressive posture over the cell phone. Given Plaintiff's persistent non-compliance and physical resistance when CSPD Officers attempted to escort him out of the room, Officer Delcore deployed his TASER. While Plaintiff was on the floor, Detective Matarazzo briefly secured Plaintiff's head to avoid injury. Officer ___ handed Ms. Hiteshew's cell phone to Detective Matarazzo who secured it as evidence. Detective Matarazzo requested and obtained a search warrant, approved by a judge, for a search of the cell phones collected. Subsequently, Colorado State Patrol assumed lead in the investigation and Detective Matarazzo had no further involvement. Detective Matarazzo also was not involved in any decision with respect to charges brought against Plaintiff.

**Claims Asserted Against the Teller County Defendants:**

Plaintiff alleges six claims for relief: (1) 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure of Person / False Arrest; (2) 42 U.S.C. § 1983 – Fourth Amendment Unlawful Search; (3) 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure of Property; (4) 42 U.S.C. § 1983 – Fourth Amendment Excessive Force; (5) 42 U.S.C. § 1983 – Fourteenth Amendment – Malicious Prosecution; and (6) 42 U.S.C. § 1983 – First Amendment Retaliation. Plaintiff also asserts a claim for municipal liability against Teller County.

**Basis for Summary Judgment:**

Detective Matarazzo is entitled to qualified immunity as to all claims. As to all of the claims asserted, the facts revealed through discovery do not support any constitutional violation. In particular, there is insufficient evidence to support personal participation by Detective Matarazzo as to the search of Plaintiff's person, false arrest and malicious prosecution. Detective Matarazzo's conduct, which was all captured on audio and/or video recording, was not objectively unreasonable under the circumstances presented. Pertinent to all claims asserted against Detective Matarazzo is the fact that he was justified in seeking the cell phones as evidence in light of the exigent circumstances, described above. It was the need to secure the evidence that justified his conduct.

Plaintiff and his family had been refusing to provide any information to numerous individuals over multiple hours and then refused to provide any information to him, even knowing that he was investigating the incident. Upon learning that Detective Matarazzo wanted the cell phone, Plaintiff's behavior became more evasive as well as aggressive, which heightened the concern that evidence on the cell phone would imminently be destroyed. Detective Matarazzo did not act in retaliation to any protected speech, to the extent Plaintiff's refusal to provide the cell phone could even constitute a matter of public concern. As well, there is no clearly established law that would have put Detective Matarazzo on notice that his conduct in this situation was unlawful, particularly based on the exigency of the situation, his lack of involvement in the arrest or decision to arrest, and his lack of force applied against Plaintiff.

The municipal liability claims against Teller County also warrant dismissal under Rule 56. Such claims fail because of the lack of an underlying constitutional violation by Detective Matarazzo. But even beyond that, Plaintiff cannot produce any evidence of a policy, custom or practice that was a moving force beyond any constitutional violation. The evidence also does not support any failure to train.

Very truly yours,

**SGR, LLC**

*/s/ Eric M. Ziporin*

Eric M. Ziporin

*/s/ Courtney B. Kramer*

Courtney B. Kramer

EMZ/CBK/cjk